1
2
3
4
5
6
7
8
9                           UNITED STATES DISTRICT COURT

10                      FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12    DENNIS DAVIS,                               No. 2:17-cv-0544 JAM CKD P

13                    Plaintiff,

14          v.                                    ORDER SETTING

15    B. JOHNSON, et al.,                         SETTLEMENT CONFERENCE

16                    Defendants.

17

18          Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights

19    action pursuant to 42 U.S.C. § 1983.  The court has determined that this case would benefit from

20    a settlement conference.  Therefore, this case will be referred to Magistrate Judge Kendall J.

21    Newman to conduct a settlement conference at the U. S. District Court, 501 I Street, Sacramento,

22    California 95814 in Courtroom #25 on October 19, 2017 at 1:00 p.m.

23          A separate order and writ of habeas corpus ad testificandum will issue concurrently with

24    this order.

25          In accordance with the above, IT IS HEREBY ORDERED that:

26          1.  This case is set for a settlement conference before Magistrate Judge Kendall J.

27              Newman on October 19, 2017 at 1:00 p.m. at the U. S. District Court, 501 I Street,

28              Sacramento, California 95814 in Courtroom #25.

                                                  1

2. A representative with full and unlimited authority to negotiate and enter into a binding settlement on the defendants' behalf shall attend in person.[1]

3. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

4. Judge Newman or another representative from the court will be contacting the parties either by telephone or in person, approximately two weeks prior to the settlement conference, to ascertain each party's expectations of the settlement conference.

5. Defendants are granted until seven days after the conclusion of the settlement conference to file their responsive pleading.

Dated: October 5, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences… ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

2