1

2

3

4

5

6

UNITED STATES DISTRICT COURT

7

FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9

10  DENNIS DAVIS,                                      No.  2:17-cv-0544 JAM CKD P

11              Plaintiff,

12        v.                                            ORDER AND

13  B. JOHNSON, et al.,                                 FINDINGS AND RECOMMENDATIONS

14              Defendants.

15

16        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil

17  rights under 42 U.S.C. § 1983.  On July 25, 2017, the court screened plaintiff's complaint as the

18  court is required to do under 28 U.S.C. § 1915A(a).  After screening the complaint, the court

19  found "plaintiff's complaint states claims upon which plaintiff may proceed under the Eighth

20  Amendment against defendants Johnson, Graves, LaPastora, Ingram and Gallegos."  Accordingly,

21  the court ordered that those defendants (defendants) be served with process and defendants filed

22  their answer on October 23, 2017.

23        On April 2, 2018, defendants requested the district court judge assigned to this case

24  explicitly dismiss a claim plaintiff identifies in his complaint arising under the Fourteenth

25  Amendment.  In the complaint, plaintiff essentially complains that defendants caused him to be

26  housed under conditions presenting a substantial risk of serious harm.  The facts alleged amount

27  to a claim under the Eighth Amendment.  See Farmer v. Brennan, 511 U.S. 825, 828 (1994).  This

28  being the case, plaintiff's "claim must be analyzed under the standard appropriate to that

provision, not the rubric of substantive due process" which falls under the Fourteenth Amendment.  U.S. v. Lanier, 520 U.S. 259, 272 n. 7 (1997).  To the extent plaintiff attempts to state a claim under the Equal Protection Clause of the Fourteenth Amendment in his complaint, plaintiff fails to allege he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination.  Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997).

For these reasons, the court will recommend that any Fourteenth Amendment claims identified by plaintiff in his complaint be explicitly dismissed by the district court judge assigned to this case.

Also, the court notes that plaintiff has requested the appointment of counsel.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (ECF No. 19) be denied; and

/////

2

1    IT IS HEREBY RECOMMENDED that any Fourteenth Amendment claim identified by

2    plaintiff in his complaint be dismissed.

3    These findings and recommendations are submitted to the United States District Judge

4    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

5    after being served with these findings and recommendations, any party may file written

6    objections with the court and serve a copy on all parties.  Such a document should be captioned

7    "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

8    objections shall be served and filed within fourteen days after service of the objections.  The

9    parties are advised that failure to file objections within the specified time may waive the right to

10   appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

11   Dated:  April 18, 2018

12                                                      _____
                                                        CAROLYN K. DELANEY
13                                                      UNITED STATES MAGISTRATE JUDGE

14

15

16   1/mp
     davi0544.31
17

18

19

20

21

22

23

24

25

26

27

28